IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TONY LAMONTE GREENE, et al., )
)
    Petitioners, )
)
v. ) Case No. CIV-22-555-SLP
)
UNITED STATES DEPARTMENT OF )
JUSTICE, et al., )
)
    Respondents. )

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 5] ("R&R") of United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). All nine Petitioners are *pro se* prisoners in custody of the Oklahoma Department of Corrections ("ODOC"). Petitioners have filed a Writ of Mandamus pursuant to 28 U.S.C. §§ 1361 and 1651, alleging the State of Oklahoma lacks jurisdiction to detain them because of their various tribal memberships or affiliations.

Judge Erwin (1) finds that joinder of the nine incarcerated Petitioners, who appear *pro se*, is infeasible, and (2) recommends the Court dismiss all Petitioners, other than Petitioner Greene, without prejudice to refiling a separate action. When a party properly objects to portions of a magistrate judge's disposition, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). Upon de novo review and for the reasons set forth below, the R&R is ADOPTED.

Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in a single civil action. Rule 20 permits plaintiffs to join in the same action when: (1) "they

assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)–(B).  But joinder under Rule 20 is permissive, meaning the Court has discretion to disallow joinder when it is infeasible or prejudicial.  *See Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983); *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191 at *1 (W.D. Okla. Feb. 1, 2007) (unpublished op.).

Judge Erwin found joinder would be infeasible for several reasons, and the Court agrees with this conclusion.[1]  *See* R&R at 2–4.  He explained that joint litigation requirements make coordination between multiple *pro se* prisoner-plaintiffs especially difficult.  Every jointly filed document, for example, must be signed by each Petitioner. *See* Fed. R. Civ. P. 11(a).  Any separately filed document must be served on every other party.  *See* Fed. R. Civ. P. 5(a).  If ODOC moves Petitioners to separate facilities, it could become impossible for them to satisfy these requirements while complying with relevant deadlines.

Petitioners argue joinder is feasible because they can "communicate freely with each other" in "open dorm-style" facilities at the correctional center. Pets. Obj. at 1.  Though Petitioners "expect[] to remain at this level of security and at the current facility for more

---

[1] In part, Judge Erwin based his conclusion on filing fee requirements of the Prison Litigation Reform Act, but acknowledged "[t]he Tenth Circuit Court of Appeals has not squarely decided this issue." *See* R&R at 2-3 & n. 2.  The Court finds joinder is not feasible for reasons separate and apart from any issue related to filing fees and, therefore, finds it unnecessary to address that issue.

2

than a year," they have not provided any evidence from ODOC to support that statement. Petitioners are serving sentences ranging from ten years to life without parole, and the Court has no way to guarantee all nine men will remain in the same correctional facility—let alone the same area—for the entire length of litigation. *See* Pet. at 1–3. The Court agrees with Judge Erwin that unforeseeable transfers would impede Petitioners' ability to "efficiently and effectively confer[] with one another, review[] proposed pleadings," and meet deadlines. R&R at 3–4.

Though all nine Petitioners signed the Petition [Doc No. 1], Petitioner Greene was the only one who contemporaneously filed his Motion for Leave to Proceed *in forma pauperis* [Doc. No. 2]. The Court, therefore, will allow this action to proceed under his name while dismissing the eight Petitioners who later filed Motions for Leave to Proceed *in forma pauperis* [Docs. No. 7–14] without prejudice.

IT IS THEREFORE ORDERED as follows:

1. The Report and Recommendation [Doc. No. 5] is ADOPTED, and the Court finds joinder of Petitioners in this action is not feasible.

2. Petitioners Larry Doak, Darvin Gray, Richard Miller, Richard Hill, Michael Lowery, Garry Wilson, Billie Byrd and William George Coodey, II are dismissed from this action and their respective Motions to Proceed in forma pauperis [Docs. 7–14] are denied as moot.

IT IS SO ORDERED this 27th day of July, 2022.

                                                 SCOTT L. PALK
                                                 UNITED STATES DISTRICT JUDGE