#### IN THE UNTIED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONY LAMONTE GREENE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-555-SLP |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### **O R D E R**

This action involves an Amended Petition for Writ of Mandamus [Doc. No. 17] filed by Petitioner Tony Lamonte Greene, a state prisoner appearing pro se.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings. The Magistrate Judge issued a Report and Recommendation (R&R) [Doc. No. 20] recommending dismissal of this action. Petitioner timely filed an Objection to the R&R. *See* [Doc. No. 21]. Thus, the Court must make a de novo determination of the portions of the R&R to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] The original Petition involved nine pro se prisoners in state custody, and all but Mr. Greene were dismissed from this action on July 27, 2022. *See* Order [Doc. No 15]. Mr. Greene filed his Amended Petition [Doc. No. 17] shortly thereafter.

I.      **Background and Review of the Report and Recommendation**

Mr. Greene alleges he is a member of the Cherokee Nation who was convicted of unspecified crimes that occurred "within the boundaries of the Muscogee Creek Nation reservation." [Doc. No. 17] at 1. He quotes provisions of various treaties between the United States and the Cherokee Nation and asserts the State of Oklahoma lacks jurisdiction to prosecute, convict, and incarcerate Native Americans. *Id.* at 1-2. He seeks a writ of mandamus to compel the United States Departments of Justice and Interior to "investigate, [and] if necessary, prosecute Oklahoma state officials for illegal detention of Petitioner . . . and remedy any illegal detention occurring in Oklahoma state prisons." *Id.* at 2.

In the R&R, the Magistrate Judge recommends dismissal of this action without prejudice because: (1) Mr. Greene's allegations are conclusory and "he fails to allege facts establishing any of the requisite elements for mandamus relief"; and (2) to the extent his action challenges the validity of his conviction and sentence, such a claim would be properly brought under 28 U.S.C. § 2254. [Doc. No. 20] at 2-3. The R&R advised Mr. Greene of his right to object and that "failure to make timely objection to this [R&R] waives the right to appellate review of both factual and legal issues contained herein." *Id.* at 3.

Although styled as an "Objection," Mr. Greene does not challenge any factual or legal conclusion in the R&R. *See* [Doc. No. 21]. He states he believed "laying out the treaty obligations of the United States and [his] status as an Indian" was sufficient to meet the standard for mandamus. *Id.* at 1. Nevertheless, Mr. Greene acknowledges "deficiencies have been identified" by the R&R and requests leave to amend to address


them.  *Id.* at 1.  To that end, he attaches a proposed Second Amended Petition for Writ of Mandamus [Doc. No. 21-1].[2]

The Court finds Mr. Greene has not properly objected to the R&R and therefore has not preserved any issue for de novo review.  *See United States v. One Parcel of Real Property, Known As: 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (holding that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court" and a proper objection "is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute. . .").  Nevertheless, to the extent his objection may be construed as one related to the legal conclusions in the R&R, the Court concurs with the Magistrate Judge, and the R&R is ADOPTED.

## II.     Leave to Amend

Although "cursory requests for leave to amend are insufficient," *Bangerter v. Roach*, 467 F. App'x 787, 789 (10th Cir. 2012), the Court liberally construes Petitioner's objection as including a motion for leave to amend and therefore considers whether amendment would be proper.[3]  Leave to amend is "freely given when justice so requires,

---

[2] Mr. Greene also states he "does not challenge the validity of the judgment and sentence in his criminal case" but rather "the violations of treaty and federal law committed by Oklahoma state officials." *Id*

[3] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments" and "pro se parties [must] follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citation omitted).

3

[but] a district court may refuse to allow amendment if it would be futile." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013); *see also Hall*, 935 F.2d at 1109-10 (dismissal is appropriate "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (internal quotation marks and citation omitted)). For the futility analysis, courts consider the same standard that governs motions to dismiss for failure to state a claim upon which relief may be granted. *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999); *Full Life Hospice*, 709 F.3d at 1018 ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." (internal quotation marks and citation omitted)).

In his proposed Second Amended Petition for Writ of Mandamus, Mr. Greene includes the same allegations regarding his status as a tribal member and a crime occurring on tribal land. *See* [Doc. No. 21-1] at 1-4. He states he was convicted of "[l]ewd [m]olestation" which he asserts is "enumerated in the Major Crimes Act," 18 U.S.C. § 1153. *Id.* at 1, 3. He maintains the State lacked jurisdiction to prosecute him, but any habeas claim would be time barred, so he "is left with only mandamus relief as a means of enforcing federal law in this matter." *See id.* at 3-4. Ultimately, the relief requested is the same: Mr. Greene asks the Court to "issue an order compelling [the Departments of Justice and Interior] to investigate, [and] if necessary, prosecute Oklahoma state officials for illegal detention of Petitioner . . . and remedy any illegal detention occurring in Oklahoma state prisons." *Id.* at 4.

The Court finds amendment would be futile. To be eligible for mandamus relief, Mr. Greene must establish: (1) he has a clear right to relief; (2) the respondent's duty to

perform the act in question is plainly defined and peremptory; and (3) he has no other adequate remedy. *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005); *Raines v. Block*, 798 F.2d 377, 380 (10th Cir. 1986) ("The exercise of mandamus jurisdiction is appropriate only when no other remedy could protect plaintiffs' interests"); *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief. . ."). Accepting his allegations as true, Mr. Greene has not shown that he has a clear right to relief, that the respondents have a plainly defined and peremptory duty to act, or that he has no other adequate remedy.

Although he styles this as a mandamus action, Mr. Greene fundamentally attacks the validity of his state court sentence for lack of jurisdiction and seeks habeas relief (i.e., release from detention). *See Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("A § 2254 petition . . . is the proper avenue for attacking the validity of a conviction and sentence"); *see also Morales v. Jones*, 417 Fed. App'x 746, 749 (10th Cir. 2011) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." (citation omitted)). His "petition must therefore be brought under [28 U.S.C.] § 2254." *Yellowbear*, 525 F.3d at 924; *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . his sole federal remedy is a writ of habeas corpus."); *Fay v. United States*, 389 Fed. Appx. 802, 803 (10th Cir. 2010) ("Mandamus is not an end run to previously unsuccessful habeas applications."); *Berry v.*

5

*Whitten*, No. 20-CV-0668-CVE-JFJ, 2021 WL 262560, at *2 (N.D. Okla. Jan. 26, 2021) ("[R]epackaging his request for habeas relief as one for mandamus relief does not permit [petitioner] to avoid" the procedural requirements of 28 U.S.C. § 2244). Accordingly, mandamus relief is not available.[4]

The more specific relief Mr. Greene requests—i.e., an order compelling the Departments of Justice and Interior to investigate and prosecute State officials—is likewise improper. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if . . . the defendant owes him a clear nondiscretionary duty." *Marquez-Ramos v. Reno*, 69 F.3d 477, 478-79 (10th Cir. 1995) (quoting *Heckler*, 466 U.S. at 616). "The importance of the term 'nondiscretionary' cannot be overstated—the judiciary cannot infringe on decision-making left to the Executive Branch's prerogative[.]" *Id.* at 479. Accordingly, "the question whether a particular act is discretionary . . . rises to the jurisdictional level." *Id.*

"[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."

---

[4] The fact that Mr. Greene has declined to pursue habeas relief—or even that such a claim would be unsuccessful—does not render the remedy inadequate. *See Fay*, 389 Fed. Appx. at 803; *cf. Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("Failure to obtain relief under [§] 2255 does not establish that the remedy so provided is either inadequate or ineffective."); *see also In re Taveras*, No. 22-12199-A, 2022 WL 19835763, at *1 (11th Cir. Aug. 29, 2022) ("When an alternative remedy exists, even if it is unlikely to provide relief, mandamus relief is not proper." (citing *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1298 (11th Cir. 2004)); *Leon v. U.S. Dep't of Just.*, No. 22-CV-03224 (UNA), 2022 WL 17555437, at *1 (D.D.C. Dec. 1, 2022) ("[E]ven if a previous habeas petition did not result in the relief sought, Petitioner may not complain that the habeas remedies that were once provided to him were somehow inadequate just because he was unsuccessful when he invoked them."); *Powers v. Carvajal*, No. 20-CV-3785 (TSC), 2021 WL 5711926, at *2 (D.D.C. Dec. 2, 2021) ("That Plaintiff has not prevailed in habeas proceedings . . does not render the remedy inadequate or ineffective" for mandamus purposes).

*Heckler v. Chaney*, 470 U.S. 821, 831 (1985). "The Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws." *Liverman v. Bush*, 213 F. App'x 675, 676-77 (10th Cir. 2007) (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). In *Liverman*, the Tenth Circuit held the "district court lacked jurisdiction to compel the President and Attorney General to investigate and prosecute the criminal conduct alluded to in plaintiff's complaint." *Id*. at 677. For the same reasons, the Court is without jurisdiction to entertain the relief Mr. Greene seeks. *See Butler v. Haaland*, No. 22-CV-0536-GKF-JFJ, 2023 WL 8704711, at *4 (N.D. Okla. Dec. 15, 2023) (finding the court lacked jurisdiction for the exact same reasons in a case seeking the exact same relief).

Finally, the Court notes the relief requested by Mr. Greene is substantively identical to (if not quoted verbatim) that which has been sought in numerous other cases styled as petitions for mandamus, all of which have been dismissed on similar grounds as those set forth. *See Butler*, 2023 WL 8704711, at *1-4; *Creech v. U.S. Dep't of Just.*, No. CV 23-00348 (UNA), 2023 WL 1963892, at *1 (D.D.C. Feb. 10, 2023); *Pitts v. U.S. Dep't of Just.*, No. 1:23-CV-00100 (UNA), 2023 WL 1815694, at *1-2 (D.D.C. Feb. 8, 2023); *Stiltner v. U.S. Dep't of Just.*, No. CV 22-3714 (UNA), 2023 WL 130738, at *1 (D.D.C. Jan. 4, 2023); *Leon*, 2022 WL 17555437, at *1-2. For all these reasons, Mr. Greene's motion for leave to amend is DENIED as futile, and this action is DISMISSED without prejudice.[5]

---

[5] The Court declines to construe Mr. Greene's petition as one brought under § 2254 because he maintains he does not want to seek habeas relief and that he believes any such claim would be time

IT IS THEREFORE ORDERED that Mr. Greene's motion for leave to amend is DENIED.[6]

IT IS FURTHER ORDERED that the Report and Recommendation [Doc. No. 20] is ADOPTED and this matter is DISMISSED without prejudice. A separate judgment shall be entered contemporaneously herewith.

IT IS SO ORDERED this 28th day of May, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

barred. *See* Obj. [Doc. No. 21] at 1-2; *see also* [Doc. No. 21-1] at 3-4; *Davis v. Kobach*, No. 23-3118-JWL, 2023 WL 3847137, at *3 (D. Kan. June 6, 2023) (declining to construe a petition styled as one under § 2241 as a § 2254 petition because "[it] is clear . . . that Petitioner adamantly objects to the Court doing so.").

[6] Mr. Greene also requests appointment of counsel in his proposed Second Amended Petition for Writ of Mandamus. [Doc. No. 21-1] at 4. That request is procedurally improper and denied as moot in light of the Court's rulings above.